1

2

3

4

5 IN THE UNITED STATES DISTRICT COURT

6

7 FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9 FANYA YOUNG,
                                                              No. C 14-03627 WHA
10              Plaintiff,

11        v.

12 THIRD AND MISSION ASSOCIATES, LLC,          **ORDER DENYING MOTION**
   d/b/a THE PARAMOUNT; RELATED                **FOR PRELIMINARY**
13 PROPERTY MANAGEMENT COMPANY LP;             **INJUNCTION**
   RELATED COMPANIES OF CALIFORNIA,
14 INC.; KIMBALL, TIRFY & ST. JOHN, LLP; and
   DOES 1 through 10, inclusive,
15
                Defendants.
16 _____/

17        In this landlord-tenant dispute, the tenant's motion to enjoin an eviction and to stay a

18 state-court unlawful detainer action that resulted in a judgment is **DENIED**.

19        The essence of this dispute is as follows.  The landlord contends that the tenant failed to

20 timely pay her rent.  The tenant contends that she did.  The landlord brought an unlawful detainer

21 action in state court and prevailed.  Specifically, the landlord and tenant first entered a stipulation

22 setting forth a payment schedule (RJN Exh. A).  The tenant then allegedly violated the

23 stipulation.  Judgment was entered against the tenant and in favor of the landlord in San Francisco

24 Superior Court.  That judgment, dated July 11, 2014, stated that the landlord was "entitled to

25 possession of the premises" and the tenant was to pay $737 in past due rent (RJN Exh. C).  The

26 tenant then moved to dismiss.  In pertinent part, the tenant argued that because she resided in a

27 "subsidized apartment through the Affordable Housing Program pursuant to 24 C.F.R. § 247," the

28 landlord had to "adhere to the strict federal notice requirements" (Dkt. No. 22-2 at 10–12).  She

further argued that the "alleged amount owed as per the stipulation [was] inaccurate," the landlord

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

"charged unwarranted late fees," and the judgment should be set aside (*id*. at 21–22).  The

tenant's motions were denied and the state-court order stated (RJN Exh. D):

> Moving party [the tenant] failed to sustain burden and failed to show that her tenancy is governed by federal notice requirements. Defendant [the tenant] also failed to provide any evidence or argument suggesting that Plaintiff [the landlord] failed to comply with the notice requirements . . . Finally, arguments raised in the Supplemental Motion for Dismissal filed on July 31, 2014 do not support the dismissal/setting aside judgment.

An eviction was scheduled, but a brief stay was granted by the state court.  The judgment became

final and no timely appeal was filed (Adams Decl. ¶ 13).

At the eleventh hour of the expiration of the eviction stay, the tenant began this action in

federal court, seeking to enjoin (Br. 11):

> any further actions by the San Francisco Sheriff's Department [a non-party] from evicting Plaintiff [the tenant], prohibit Defendants [the landlord and others] from any further actions to evict Plaintiff [the tenant], and to prevent any further proceeding in San Francisco Superior Court case no. CUD-13-645444 [the unlawful detainer proceeding] . . . .

At oral argument, the tenant stated that she would be able to prove that her unit was a "subsidized

project" if given the opportunity to take the deposition of Attorney Douglas Applegate.  He was

the counsel of record in a 2005 malpractice lawsuit involving representation in an unrelated

unlawful detainer action against the same landlord.  *Bronson v. The Mitchell Law Group, P.C., et

al.*, No. CGC 05-447032 (San Francisco Sup. Ct.).  The tenant was granted time to solicit

documents and testimony from Attorney Applegate.

The tenant then filed supplemental briefing, chiefly relying on Exhibits 1 and 2.  No

exhibits, however, were appended to her supplemental brief.  A few days later, the tenant filed a

motion to extend time, appending exhibits.  No proper declaration authenticating the exhibits was

filed; nevertheless, the Court has considered all of the tenant's exhibits.  (The tenant also filed a

Rule 11 motion seeking a large sum of money and the landlord filed a motion to dismiss.)  This

order follows full briefing, supplemental briefing, and oral argument on the instant motion for a

preliminary injunction.

**United States District Court**
For the Northern District of California

**ANALYSIS**

The tenant has not shown that she is likely to succeed on the merits because when she litigated the same issues in state court, she lost. She argued there, as she does here, that the landlord failed to properly credit her payments, overcharged her late fees, and failed to give her proper notice under federal law because she was a tenant in a "tax credit" building. Those very arguments were rejected by the state court judge when ruling against her. Judgment was entered against the tenant. The proper procedural remedy, if dissatisfied with the judgment, is to appeal it to the California Court of Appeal for the First District. It is not proper to instead seek to relitigate the same issues in a new, later-filed, federal action.

Moreover, even if this Court was to allow the tenant to relitigate her grievance here, she has not demonstrated that the notice provisions in the Code of Federal Regulations relied upon in her complaint apply to her specific unit, which must be a "subsidized project" for the provisions to apply. Section 247.2 sets forth the following definition:

> *Subsidized project* means a multifamily housing project (with the exception of a project owned by a cooperative housing mortgagor corporation or association) that receives the benefit of subsidy in the form of: below-market interest rates under section 221(d) (3) and (5), interest reduction payments under section 236 of the National Housing Act, or below market interest rate direct loans under section 202 of the Housing Act of 1959. For purposes of this part, subsidized project also includes those units in a housing project that receive the benefit of:
>
> (1) Rental subsidy in the form of rent supplement payments under section 101 of the Housing and Urban Development Act of 1965 (12 U.S.C. 1701s); or
>
> (2) Housing assistance payments for project-based assistance under Section 8 of the 1937 Act (42 U.S.C. 1437f). However, this part is not applicable to Section 8 project-based assistance under parts 880, 881, 883 and 884 of this title (except as specifically provided in those parts).

The tenant has failed to proffer evidence that her unit was a "subsidized project" as defined by Section 247.2 during the relevant time period. She instead relies on vague references to a "Low Income Housing Tax Credit Program" ("LIHTC") based on Exhibits 1 and 2 in support of her supplemental brief.

United States District Court
For the Northern District of California

1    Exhibit 1 includes a letter, dated February 17, 2011, from the building's Affordable

2    Housing Coordinator to the tenant, which stated:  "[y]our acceptance to the Low Income Housing

3    Tax Credit Program is contingent upon your confirmed eligibility."  Exhibit 1 also includes a

4    "Bond Program Lease Rider," dated August 17, 2011, which stated:  "Tenant has made

5    application to Owner [sic] for an apartment at a reduced rent in accordance with a Regulatory

6    Agreement and Declaration of Restrictive Covenants entered between the Owner and the

7    Redevelopment Agency of the City and County of San Francisco."

8    Exhibit 2 includes a form titled "Household Student Status Owner Certification (LIHTC

9    or Tax-exempt Bond Sites)."  The form was to be "completed by staff" and someone marked that

10   "the household is qualified to participate in the LIHTC or bond program," dated July 19, 2011

11   (emphasis in original).  The tenant stated that "the signature on my LIHTC paperwork is that of

12   Daniel Mendoza, the Affordable Housing Coordinator" (Young Decl. ¶ 2).

13   These exhibits and the other exhibits submitted by the tenant do not establish that her

14   specific unit was a "subsidized project" as defined by Section 247.2 during the relevant time

15   period.  As explained by the district manager for the landlord, the building contained both market

16   rate and Affordable Housing Bond Apartments overseen by the San Francisco Mayor's office.

17   The manager stated (Crane Decl. ¶ 5):

18       Plaintiff does not reside in a Low Income Housing Tax Credit
         (LIHTC) unit.  In fact, the Property does not receive federal
19       housing subsidies of any kind — including LIHTC and project
         based or individual voucher as provided by Section 8 of the United
20       States Housing Act of 1937 — for any unit at the Property.

21   The manager further stated (Crane Supp. Decl. ¶¶ 5, 7):

22       The Paramount [the building at issue] and those Affordable
         Housing apartments therein . . . were never property which received
23       a federal tax credit and specifically not a federal tax credit under the
         Tax Reform Act of 1986.  Also, The Paramount and those
24       Affordable Housing apartments therein . . . are not governed by the
         U.S. Department of Housing and Urban Development in any way.
25
                        *           *           *
26
         Perhaps Ms. Young's confusion arises from the erroneous label of
27       "Low Income Housing Tax Credit" referred to within the February
         17, 2011 letter [tenant's Exhibit 1] . . . . [Defendant] oversees
28       thousands of affordable housing units.  Some were built using tax

4

credits and some were built using tax-exempt bonds.  This building did not utilize federal tax credits.

Before this federal action began, the manager submitted a declaration in the state-court action, which stated:  "[t]he Property is not a 'tax credit' property under the Tax Reform Act of 1986, nor is it governed by the U.S. Department of Housing and Urban Development in any way" (Pl. Exh. 5(b), Crane Decl. ¶ 5).  This order thus finds that the tenant has failed to show a likelihood of success on the merits because she has not shown that the notice provisions in the Code of Federal Regulations invoked in her complaint apply to her specific unit.

At oral argument, the tenant (a lawyer) represented that she would be able to prove her unit was a "subsidized project" if permitted to depose Attorney Applegate.  She stated (Aug. 22 Hr'g. Tr. 13):

> My proof — is actually there is a prior ruling on this very matter that I learned about from Attorney Douglas Applegate . . . . the Court [in the 2005 malpractice lawsuit] did make a finding of fact. It made a finding of fact that Mr. Bronson [the plaintiff in the 2005 malpractice lawsuit] was in a subsidized unit.

The tenant deposed Attorney Applegate but never filed any pages from his deposition.  As far as this record is concerned, the tenant has misrepresented what Attorney Applegate was proffered to testify to, and in the process, delayed her eviction for almost a month.  Even though she failed to submit testimony from Attorney Applegate, the landlord submitted an excerpt, which stated (Applegate Dep. 9):

> Q.  And, therefore, was it your contention that his unit [Mr. Bronson in the 2005 malpractice lawsuit] was subsidized, federally subsidized?
>
> A.  That was not my contention.  My contention was focused on whether the landlord had issued good cause in order to evict him.
>
> Q.  Okay.  And as a result of that ruling, did the matter settle soon thereafter?
>
> A.  It settled that day before we did opening statements.

The tenant has proffered no evidence that the court in *Bronson* "made a finding of fact" that the unit was a "subsidized unit," contrary to her express representation to this Court.

Beyond the notice requirements invoked herein, the complaint contains other deficiencies. Even a cursory review of the complaint shows that no facts are pled supporting a Fair Credit

5

United States District Court
For the Northern District of California

1  Reporting Act claim.  The sections referenced do not even appear in the Fair Credit Reporting

2  Act, but appear in the Fair Debt Collection Practices Act.  No Fair Credit Reporting Act claim is

3  pled in the complaint.  This order does not decide whether the complaint states a claim under the

4  Fair Debt Collection Practices Act and the landlord's motion to dismiss will be heard in due

5  course.  The simple point herein is that if the Fair Debt Collection Practices Act somehow

6  provided the tenant with an affirmative defense to the unlawful detainer action in state court,

7  those federal claims should have been interposed by her before judgment was entered.  If she

8  failed to raise them in state court, she is precluded from belatedly raising them now in a separate

9  proceeding in federal court to enjoin the unlawful detainer action.  This federal district court

10  cannot rehear and undo the state-court judgment, especially since the tenant signed a stipulation

11  stating that a "writ of execution for money and possession shall issue immediately upon

12  Declaration by Plaintiff [the landlord] of Defendant's [the tenant's] failure to comply with this

13  Stipulation" (RJN Exh. A).  Judgment for possession and money against the tenant was entered

14  by the state court (RJN Exh. B).

15       In sum, the unlawful detainer action has been litigated by both sides in state court and the

16  law does not permit the tenant to relitigate the same issues raised or that could have been raised

17  by way of an affirmative defense in a new federal action after judgment has been entered in state

18  court.  Additionally, the preliminary injunction sought is massively overbroad, seeking, *inter alia*,

19  to enjoin a non-party, the San Francisco Sheriff's Department, from following orders from the

20  state court.  For the reasons stated herein, the tenant's motion for a preliminary injunction is

21  DENIED.  The temporary restraining order is LIFTED.  Defendant Third and Mission Associates,

22  LLC may invite the Sheriff to continue with the eviction proceeding in state court.  The requests

23  for judicial notice of Exhibits A through D are GRANTED; the remainder is DENIED AS MOOT.

24  The case management conference is hereby reset to OCTOBER 9, 2014 AT 8:00 A.M.  A case

25  management statement is due by OCTOBER 2, 2014 (Dkt. No. 4).

26       IT IS SO ORDERED.

27  Dated:   September 4, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE