IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FANYA YOUNG,

    Plaintiff,

v.

THIRD AND MISSION ASSOCIATES, LLC, et al.,

    Defendants.

No. C 14-03627 WHA

**ORDER DENYING MOTION FOR SANCTIONS, GRANTING MOTION TO DISMISS, AND VACATING HEARING**

## INTRODUCTION

In this landlord-tenant dispute, the tenant has moved for sanctions and the landlord has moved to dismiss. For the reasons stated herein, the motion for sanctions is **DENIED**. The motion to dismiss is **GRANTED**. The October 9 hearing is hereby **VACATED**.

## STATEMENT

A prior order recounted the history of this action so it will not be repeated herein (Dkt. No. 33). In brief, this is a landlord-tenant dispute involving rent payments. The landlord brought an unlawful detainer action in state court and prevailed. Specifically, the landlord and tenant entered a stipulation setting forth a payment plan, which the tenant then allegedly violated. The state court entered judgment against the tenant and in favor of the landlord. The tenant moved to dismiss the state court proceeding, arguing, *inter alia*, that she resided in a "subsidized apartment," the landlord violated "federal notice requirements," and the landlord "charged unwarranted late fees." The tenant's motions were denied. The state court found that the tenant failed to show that her tenancy was governed by federal notice requirements, failed to provide any

United States District Court
For the Northern District of California

evidence that the landlord failed to comply with the notice requirements, and dismissal was not warranted. The judgment became final and no timely appeal was filed. An eviction was scheduled.

The tenant, Attorney Fanya Young, then began this action in federal court. Two hearings occurred and the tenant was heard on both occasions. The tenant was then given time to depose a non-party and conduct some discovery. Her motion for a preliminary injunction was denied.

Now, the tenant moves for sanctions and seeks attorney's fees, expenses, costs, $5,000 for her bond, and $15,000 for "willful misrepresentations." The landlord moves to dismiss the complaint. No response to the landlord's motion was timely filed, even though the motion was mailed to the address then provided in ECF and electronically notified of the filing via an email to an email address provided in ECF. In any event, the tenant was given another chance to respond. No opposition was filed, but the tenant, without obtaining leave to do so, filed a "first amended complaint." The proposed first amended complaint was incomplete, cutting off on page 21. Also appended were voluminous exhibits, for a total submission of 151 pages, which the Court has reviewed. The tenant's submission was improper, nevertheless, this order will consider it. The time to oppose the motion to dismiss has elapsed.

## ANALYSIS

### 1. MOTION FOR SANCTIONS.

The tenant's motion is procedurally defective because Attorney Young failed to comply with Rule 11(c)(2). That failure precludes her from obtaining a sanctions award. *Radcliffe v. Rainbow Construction Company*, 254 F.3d 772, 789 (9th Cir. 2001). In addition, the hodgepodge of documents submitted do not show that any misrepresentations occurred. The tenant also failed to provide any proof supporting the unspecified amount of fees, expenses, and costs sought. Accordingly, the motion is **DENIED**.

### 2. MOTION TO DISMISS.

#### A. Fair Credit Reporting Act.

The complaint fails to contain sufficient factual matter, accepted as true, to state a Fair Credit Reporting Act ("FCRA") claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S.

2

662, 678 (2009). All of the references to the FCRA in the complaint are conclusory or in error. Indeed, the sections cited in the complaint appear in the Fair Debt Collection Practices Act, not the FCRA. The FCRA claim is **DISMISSED**.

The proposed first amended complaint, which plaintiff filed without obtaining leave to do so, fails to state a claim under the FCRA. Accordingly, the FCRA claim is **DISMISSED**.

### B.   Section 247.

The problems with the claims invoking Section 247 of Title 24 of the Code of Federal Regulations were explained at length at the August 19 hearing and in the September 4 order. In brief, the tenant litigated these issues against the landlord in state court. The tenant's motions were denied and judgment was entered. The tenant is precluded from re-litigating these same issues in a later-filed, new federal action. Accordingly, the Section 247 claims are **DISMISSED**.

The proposed first amended complaint invokes Section 247 but re-characterizes the claim as a "procedural due process" claim. Defendants, however, are private entities and the proposed first amended complaint fails to identify a deprivation of an interest protected by the due process clause. Accordingly, the procedural due process claim is **DISMISSED**.

### C.   Fair Debt Collection Practices Act.

The complaint invokes the Fair Debt Collection Practices Act, 15 U.S.C. 1692, *et seq*. ("FDCPA"), arguing that defendants misrepresented the tenant's debts, collected unauthorized fees, demanded payments in a "harassing" manner, and employed "unfair" collection methods. The tenant, however, voluntarily waived these claims when she entered into a stipulation with the landlord. That stipulation was accepted by the state court judge. Therein, the tenant agreed to a specific payment schedule in exchange for possession of the premises, according to the terms of the stipulation. She agreed that in the event of non-compliance, the landlord was entitled to a writ of execution for money and possession. She waived "any and all rights to a noticed motion on the entry of a judgment pursuant to [the] Stipulation." When the landlord obtained a writ of execution for money and possession, she argued in state court that the landlord alleged "inaccurate" amounts, charged "unwarranted late fees," "failed to credit payments made," and

"retaliated" against her (Dkt. Nos. 22-2, 25). The state court rejected the tenant's arguments and judgment was entered against her. Accordingly, the FDCPA claims are **DISMISSED**.

The proposed first amended complaint states essentially the same claims for relief as in the complaint. The proposed fifth claim for relief is also incomplete, ending at paragraph 130. In any event, for the same reasons stated above, the FDCPA claims are **DISMISSED**.

### D. State-Law Claim.

The complaint invokes California Civil Code Section 3294. This order declines to exercise supplemental jurisdiction over the state-law claim since all of the federal claims have been dismissed. Accordingly, the state-law claim is **DISMISSED**. The proposed first amended complaint does not plead any state-law claims.

### CONCLUSION

For the reasons stated herein, the motion for sanctions is **DENIED**. The motion to dismiss is **GRANTED**. All claims in the complaint and proposed first amended complaint are **DISMISSED**. The October 9 hearing and case management conference are hereby **VACATED**. Since no claims remain, judgment shall issue in a separate order.

**IT IS SO ORDERED.**

Dated: September 30, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4