IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FANYA YOUNG,

    Plaintiff,

v.

THIRD AND MISSION ASSOCIATES, LLC, et al.,

    Defendants.

No. C 14-03627 WHA

**ORDER GRANTING IN PART DEFENDANTS' MOTION FOR PORTION OF THE SECURITY AND DENYING PLAINTIFF'S MOTION**

### INTRODUCTION

This individual action involved a landlord-tenant dispute regarding rent payments. After a temporary restraining order was lifted and judgment was entered in their favor, defendants moved for a portion of the security deposited by plaintiff in connection with the temporary restraining order. Plaintiff opposed and moved for money from defendants. For the reasons stated herein, plaintiff's motion is **DENIED**. Defendants' motion is **GRANTED IN PART AND DENIED IN PART**.

### STATEMENT

Prior orders recounted the history of this action so it will not be repeated herein (Dkt. Nos. 5, 33, 51, 58). In brief, on August 11, 2014, *pro se* plaintiff Fanya Young, an attorney, commenced this action and filed a motion for a temporary restraining order to prevent her eviction. A hearing was held and an August 11 temporary restraining order followed. Defendants were enjoined from seeking to evict Attorney Young until a hearing on her motion for a preliminary injunction, provided that she post a security deposit. A $5,000 security deposit was placed with the Court (Dkt. No. 8).

The day before the preliminary injunction hearing, Attorney Young moved for an extension so that she could depose a non-party. The temporary restraining order was extended so that Attorney Young could take the requested discovery. Attorney Young then moved for "sanctions," including "releasing the bond of $5,000," and defendants moved to dismiss.

A September 4 order lifted the temporary restraining order and denied the motion for a preliminary injunction. A September 10 order denied plaintiff leave to file a motion for reconsideration (Dkt. Nos. 33, 51).

A September 30 order granted defendants' motion to dismiss because plaintiff was precluded from re-litigating the same issues litigated in her prior state court action which resulted in a stipulation and final judgment. Attorney Young's motion for sanctions was denied. Judgment was entered in favor of defendants (Dkt. Nos. 58, 59).

Plaintiff then commenced an appeal by filing an "emergency motion for injunction pending appeal." Our court of appeals denied plaintiff's "emergency motion." Attorney Young then filed a declaration stating her monthly rent was $763, in connection with her request to continue *in forma pauperis* status on appeal.

On October 24, defendants filed a motion to claim against plaintiff's $5,000 security deposit. Defendants filed a declaration stating that Attorney Young "remained in possession at the Premises during the month of August and September 2014. She paid no rent during this time. The rental value of the Premises is $763 a month . . . . Fanya Young remained in the Premises through October 7, 2014" (Crane Decl. ¶¶ 3–5).

On November 7, plaintiff opposed and moved for $1,835 from defendants, "which is the difference of Plaintiff's overpayments and the amount of rent owed from August 1, 2014 through October 8, 2014." This order follows full briefing and oral argument on December 18, 2014. Both Attorney Young and counsel for defendants appeared in person. The Court was willing to hear from the "witness" Attorney Young brought with her, but Attorney Young stated that her "witness" could not testify because he was represented by other counsel in an unrelated, pending unlawful detainer action in state court.

2

**ANALYSIS**

**1. PLAINTIFF'S MOTION.**

Attorney Young seeks affirmative relief from defendants based on the theory that she "overpaid" money to defendants more than a year ago. That is, she allegedly "overpaid" defendants (1) before she signed a stipulation with defendants, dated August 2013, regarding her rent payments; (2) before judgment was entered in the unlawful detainer action in state court; and (3) before judgment was entered in this follow-on federal action.

Attorney Young's motion for money from defendants is **DENIED**. Plaintiff's complaint was dismissed in September 2014. Attorney Young then filed a notice of appeal, divesting the Court of control over the aspects of the case involved on appeal, including whether she made "overpayments" to defendants. Accordingly, Attorney Young's motion is **DENIED**.

**2. DEFENDANTS' MOTION.**

Defendants move for a portion of the security deposit made by plaintiff in connection with the temporary restraining order.

At oral argument, Attorney Young argued, citing Rule 62.1, that defendants' motion should be denied because defendants failed to notify our court of appeals of their motion. The entirety of Rule 62.1 is reproduced below. It states (emphasis added):

> (a) Relief Pending Appeal. *If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may*:
>
>   (1) defer considering the motion;
>
>   *(2) deny the motion*; or
>
>   (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.
>
> (b) Notice to the Court of Appeals. *The movant must promptly notify the circuit clerk under Federal Rule of Appellate Procedure 12.1 if the district court states that it would grant the motion or that the motion raises a substantial issue*.
>
> (c) Remand. The district court may decide the motion if the court of appeals remands for that purpose.

1  Defendants' motion, unlike plaintiff's motion, does not seek relief that the Court lacks authority
2  to review and grant.  Whereas plaintiff's motion seeks new relief from defendants based on
3  issues relating to her complaint which was dismissed, defendants seek only a portion of the
4  security deposit plaintiff made with the temporary restraining order — an order which was
5  subsequently lifted.

6        Turning to defendants' motion, the threshold issue is whether defendants were
7  "wrongfully enjoined."  The answer is yes.  "[A] party has been wrongfully enjoined within the
8  meaning of Rule 65(c) when it turns out the party enjoined had the right all along to do what it
9  was enjoined from doing."  *Nintendo of America, Inc. v. Lewis Galoob Toys, Inc.*,
10 16 F.3d 1032, 1036 (9th Cir. 1994).  Here, defendants were enjoined from seeking to evict
11 Attorney Young from August 12, 2014 through September 4, 2014, even though as it turns out,
12 they had a right to evict her.  Accordingly, defendants were wrongfully enjoined.

13       Rule 65(c) states that "[t]he court may issue a preliminary injunction or a temporary
14 restraining order only if the movant gives *security in an amount that the court considers*
15 *proper to pay the costs and damages sustained by any party found to have been wrongfully*
16 *enjoined or restrained . . . .*" (emphasis added).  Here, Attorney Young deposited a sum of
17 $5,000 as security.  If a party has been wrongfully enjoined, there is a rebuttable presumption that
18 it is "entitled to have the bond executed and recover provable damages up to the amount of the
19 bond."  *Nintendo*, 16 F.3d at 1036.

20       Attorney Young failed to rebut this presumption.  She only stated that she allegedly
21 "overpaid" defendants before the temporary restraining order was entered and thus she did not
22 pay any rent during the time the temporary restraining order was in place (Young Decl. ¶¶ 1, 7).
23 Accordingly, defendants are entitled to the provable damages up to the amount of the security.

24       The final question is whether defendants suffered $1,701.59 in provable damages by
25 reason of issuance of the temporary restraining order.  The answer is no.  It is undisputed that
26 Attorney Young's monthly rent was $763, and that she failed to pay her rent during the months

4

of August, September, and October 2014 (Crane Decl. ¶¶ 3–5). *Nevertheless, the temporary restraining order was only in place from August 12, 2014 through September 4, 2014. Accordingly, defendants are entitled to the sum of Attorney Young's rent for one month.*

## CONCLUSION

For the reasons stated herein, plaintiff's motion is **DENIED**. Defendants' motion is **GRANTED IN PART AND DENIED IN PART**. If either side files a notice of appeal of this order on or before **JANUARY 19, 2015**, then this order shall be stayed pending appeal. If no appeal is filed by January 19, the Clerk shall issue a check to "The Paramount" in the amount **$763** from Attorney Young's $5,000 deposit and return the balance to Attorney Young (Dkt. No. 8) by **JANUARY 30, 2015**.

**IT IS SO ORDERED.**

Dated: December 18, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE